IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUREECE CLARK,

          Petitioner,               No. 2:12-cv-2687 GGH P

    vs.

GREG LEWIS, Warden[1]           ORDER and

          Respondent.       FINDINGS & RECOMMENDATIONS

_____/

## INTRODUCTION

Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254.  Currently pending before the court is respondent's motion to dismiss the petition based on the abstention doctrine because direct review is pending before the California Supreme Court.

## BACKGROUND

On July 15, 2011, petitioner received a state prison term of six years after pleading no contest to two counts of second degree robbery and evading a peace officer in Sacramento County Superior Court.  (Lod. Doc. 1.)  Petitioner has filed two direct appeals with the California Court of Appeal attacking his conviction, and two petitions for review with the California

---

[1] Petitioner named as respondent, CDCR.  It is appropriate and necessary in this habeas action to substitute the warden who holds custody over petitioner.

1  Supreme Court.

2        On July 19, 2011, petitioner filed his first direct appeal - Court of Appeal case

3  number C068785 (having to do with the denial of request to proceed without counsel, see 2012

4  WL 6125760).  On December 11, 2012, the California Court of Appeal, Third Appellate District,

5  affirmed the judgment.  On January 17, 2013, petitioner filed a petition for review in the

6  California Supreme Court - Supreme Court case number S208042.  On February 20, 2013, the

7  California Supreme Court denied review.

8        On July 10, 2012, petitioner filed his second direct appeal - Court of Appeal case

9  number C071649 (having to do with a recalculation of conduct credits, see 2013 WL 1223603).[2]

10 On March 27, 2013, the California Court of Appeal, Third Appellate District, affirmed the

11 judgment.  On May 10, 2013, petitioner filed a petition for review in the California Supreme

12 Court - Supreme Court case number S210640.  On June 12, 2013, the California Supreme Court

13 denied review.

14 **DISCUSSION**

15       Respondent moves to dismiss this action based on the rule set forth in Younger v.

16 Harris, which states that a federal court should not interfere with ongoing state criminal

17 proceedings by granting injunctive or declaratory relief except under special circumstances.

18 Younger v. Harris, 401 U.S. 37, 43-45z, 91 S. Ct. 746 (1971).  Younger and its progeny are based

19 on the interests of comity and federalism that counsel federal courts to maintain respect for state

20 functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its

21 own courts.  Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431,

22 102 S. Ct. 2515 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles,

23 23 F.3d 218, 223 (9th Cir. 1994).  The Younger doctrine stems from this longstanding public

24

25     [2] In the interest of clarity, the filing dates of petitioner's state appeals and the
26 corresponding state court opinions are given according to the California Appellate Courts Case
Information System - http://appellatecases.courtinfo.ca.gov/index.html.

1  policy against federal court interference with state court proceedings.  Younger, 401 U.S. at 43.

2      Because petitioner's direct appeals have now been reviewed and denied by the

3  California Supreme Court, this court could no longer be interfering with an ongoing state criminal

4  proceeding.  The interests of comity and federalism will not be affected by a determination of the

5  present federal petition by this court.  Although petitioner has ninety days from the day after the

6  California Supreme Court denied his appeals to seek a writ of certiorari from the United States

7  Supreme Court, see Sup. Ct. R. 13, this does not provide grounds for dismissal based on Younger

8  as respondent argues.  (ECF No. 16, 3.)  A determination by this court during the time period for

9  filing a writ of certiorari would not run afoul of the interests of comity and federalism because

10  state proceedings have reached their conclusion.  Therefore, respondent's motion should be

11  denied as moot.

12      If petitioner seeks a writ of certiorari from the United States Supreme Court in the

13  future, there may be grounds to stay or dismiss this action.  Such an issue will be addressed if and

14  when it comes before the court.  At this time, however, the present action is ripe for review and

15  respondent must file a response to petitioner's habeas petition.[3]

16      Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district

17  judge to this case.

18      IT IS HEREBY RECOMMENDED that:

19      1.      Respondent's motion to dismiss the petition for writ of habeas corpus (ECF

20              No. 11.) be DENIED as moot.

21      2.      Respondent be directed to file a response to the petition within 60 days if

22              these findings and recommendations are adopted.

23

24      [3]  This Court takes notice of petitioner's June 20, 2012 filing of a state petition for writ of
     habeas corpus - Court of Appeal case number C071367.  This filing does not alter the Court's

25  Younger analysis nor does it deprive this Court of jurisdiction.  See Pace v. DiGuglielmo, 544
     U.S. 408, 416, 125 S. Ct. 1807 (2005) (citing Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct.

26  1528 (2005)).  Whether this proceeding should be stayed pending outcome of the state habeas
     proceeding is an issue not before the court.

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3 fourteen (14) days after being served with these findings and recommendations, any party may file

4 written objections with the court and serve a copy on all parties.  Such a document should be

5 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

6 objections shall be served and filed within seven (7) days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 Dated: June 24, 2013

10

11                                  /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

12

13

14 GGH: 33
   clar2687.ord.

15

16

17

18

19

20

21

22

23

24

25

26